THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| SELENE RMOF REO ACQUISITION II, LLC, as successor in interest to TAYLOR, BEAN & WHITAKER MORTGAGE CORP., as successor in interest to MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., <br><br> Plaintiff, <br><br> v. <br><br> VANDIVER & KAUFMAN, LLC; VANDIVER & VANDIVER; RONALD W. BUNNER; and JIMMY MAULDIN, <br><br> Defendants. | Civil Action <br><br> No. 3:10-cv-109 (CAR) |

**ORDER ON DEFENDANTS VANDIVER & KAUFMAN'S AND
VANDIVER & VANDIVER'S MOTION TO DISMISS**

In this case, Plaintiff alleges that Defendant law firm Vandiver & Kaufman, as successor-in-interest to its predecessor law firm of Vandiver & Vandiver (collectively, "Vandiver"), committed professional negligence in its preparation of the legal description of certain real property for a deed to secure debt. Currently before the Court is Vandiver's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) alleging that Plaintiff's professional negligence claim fails to state a claim upon which relief may be granted. The Court agrees and for the reasons explained below, hereby **GRANTS** Defendants' Motion [Doc. 23].

**FACTUAL ALLEGATIONS**

In considering a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court accepts all well-pled allegations set forth in the complaint as true and construes facts in the

1

light most favorable to the plaintiff. See Kirby v. Siegelman, 195 F.3d 1285, 1289 (11th Cir. 1999) (per curiam).

Plaintiff filed this case on December 29, 2010, asserting seven causes of action against various defendants, including a professional negligence claim against Vandiver. Plaintiff alleges that Vandiver, in its legal representation of Community South Bank & Trust ("Community South") in 2006, committed professional negligence in connection with a certain real property secured transaction. The transaction involved real property located at 740 Melody Lane, Hartwell, Hart County, Georgia 30643, which comprises contiguous Lots No. 2 and No. 3, in the 1112th District, G.M., Hart County, Georgia (the "Property"). Specifically, Plaintiff claims Vandiver erroneously failed to include Lot 2 in the legal description for a deed to secure debt.

In 1996, Defendant Ronald Bunner obtained title to the Property. The physical address of the Property, 740 Melody Lane, encompasses both Lots No. 2 and No. 3. In 1997, Bunner began construction of a residential home on the Property. The residential home straddles both Lots 2 and 3. Bunner also constructed a detached residential parking garage which is situated entirely on Lot 2.

On June 23, 2004, Bunner obtained a residential mortgage loan from Countrywide Home Loans, Inc. ("Countrywide"), in the amount of $735,000.00. The Countrywide Loan was secured by the Property. On November 12, 2004, Bunner refinanced the Countrywide Loan by obtaining two loans from Buckhead Financial Company ("Buckhead Financial"). The first loan was in the amount of $787,500.00 and was secured by the Property, and the legal description contained both Lots 2 and 3. The second loan, a cash-out refinancing loan, was in the amount of $157,500.00, which was also secured by the entirety of the Property. An attorney from Vandiver conducted the

2

closings of both Buckhead Financial loans and prepared the security deeds, including the legal descriptions of the Property.

On December 29, 2006, Bunner refinanced the first and second Buckhead Financial loans by obtaining a loan from Community South in the amount of $946,400.00, secured by the Property. An attorney from Vandiver also conducted the closing of the Community South loan. Plaintiff contends Community South intended the loan to be secured by the entirety of the Property. However, in preparing the Security Deed, Vandiver included only Lot 3 in the legal description, so that the loan was secured only by that portion of the Property. The legal description contained in the security deed erroneously omitted any mention of the Lot 2. Plaintiff contends that Bunner was aware that the security for the Community South loan was to be identical to the security for the first and second Buckhead Financial loans in that it was to be secured by the entirety of the Property, not just Lot 3.

Subsequently, on July 13, 2007, Bunner secured a separate loan made to him by co-Defendant Jimmy Mauldin in the amount of $90,000.00. Bunner secured the Mauldin loan with Lot 2, the lot that had been mistakenly left out of the legal description in the Community South Bank loan. An attorney employed by Vandiver prepared, reviewed, and approved the security deed for the Mauldin loan, including the legal description.

Bunner subsequently defaulted on both the Mauldin loan and the Community South loan. Mauldin, as grantee under the security deed, invoked the power of sale and foreclosed on Lot 2. As the high bidder, Mauldin currently claims an interest in fee simple to Lot 2 of the Property.

Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for the lender under the Community South security deed, also invoked the power of sale and foreclosed on the Property, as including both Lots 2 and 3. Taylor, Bean & Whitaker Mortgage Corporation ("TBW") was the

high credit bidder at the foreclosure sale, paying $1,022,744.17 for the Property. The foreclosure deed contained a legal description including both Lots 2 and 3. On January 7, 2010, TBW recorded a corrected foreclosure deed, erroneously "correcting" the legal description in the original foreclosure deed so that the legal description included Lot 3 only.

On January 28, 2010, TBW purported to convey fee simple title to both Lots 2 and 3 to Plaintiff Selene by limited warranty deed. In addition, TBW executed an Assignment of Security Deed ("Assignment") purporting to assign "all its right, title and interest, in [the Community South security deed], the [P]roperty therein, the indebtedness secured thereby together with any and all of the powers, rights options, claims, privileges and immunities therein contained and thereto appertaining." [Doc. 13-3, Ex. O, p. 39-40].

Plaintiff Selene alleges that through its attorney employee, Vandiver breached its professional and fiduciary duties to Community South by failing to ensure that the Community South security deed contained a proper description of the Property securing the Community South loan. Plaintiff claims that based on the Assignment and as Community South's successor-in-interest, Plaintiff Selene is entitled to recover all damages that Community South could recover against Vandiver. Vandiver then filed the current Motion to Dismiss claiming that Plaintiff's Selene's claims must be dismissed for failure to state a claim upon which relief may be granted.

**DISCUSSION**

**A.    Motion to Dismiss Standard**

To survive a motion to dismiss, a complaint must "contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, ___ US ___, ___, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A plaintiff must therefore "plead[ ] factual content that allows the court to draw the reasonable

4

inference that the defendant is liable for the misconduct alleged." Id. at ___, 129 S. Ct. at 1949. A complaint need not have detailed factual allegations to survive a motion to dismiss, but the facts provided must be more than conclusions and must "raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

**B.     Analysis**

Plaintiff's professional negligence claims against Vandiver must be dismissed because under Georgia law, payoff at the foreclosure extinguished the Community South Security Deed, rendering its subsequent assignment to Plaintiff ineffective.[1]  Georgia courts are clear that a security deed is automatically extinguished and satisfied upon full payment of the secured debt. Northwest Carpet, Inc. v. First National Bank of Chatsworth, 280 Ga. 535, 537 (2006) ("[F]ull payment of the secured indebtedness, as a matter of law, passes legal title back to grantor"); Hennessy v. Woodruff, 210 Ga. 742, 744 (1954) ("[U]pon the satisfaction of the obligation which [the security deed] is given to secure, [it] is automatically extinguished"); Trail v. Saunders, 296 Ga. App. 594, 595 (2009) (same, citing Northwest Carpets and Hennessy, supra); Coleman Road Assoc., Ltd. v. Culpepper, 214 Ga. App. 475 (1994) ("[P]urchase of . . . property at [a] foreclosure sale, for an amount which . . . satisf[ies] the debt, extinguish[es] the security deed. . . . [A] security deed is extinguished once that debt is satisfied.").

When MERS foreclosed on the Property and sold it to TBW, the payoff to MERS extinguished Plaintiff's grounds for bringing a negligence claim against Defendant Vandiver. Georgia law expressly recognizes "the principle that a security deed conveys legal title solely for

---

[1] Vandiver alternatively argues that Plaintiff's claims should be dismissed under Georgia's doctrine of merger and/or because Vandiver owed Plaintiff no duty of professional competence under Georgia law. Because this Court finds the foreclosure extinguished Plaintiff's claims for negligence, it need not address these other arguments.

the purpose of securing a debt and is extinguished once that debt is satisfied." Coleman Road, 214 Ga. App. at 476; accord Trail v. Sanders, 296 Ga. App. 594, 595 (2009); Northwest Carpets, 280 Ga. at 537; Hennessy, 210 Ga. at 744(4); Waldroup v. State, 198 Ga. 144, 146 (1944). If the price received through a foreclosure sale satisfies the underlying debt, then the payoff extinguishes the legal effect of the security deed. Here, the $1,022,744.17 TBW paid for the Property at the foreclosure sale more than satisfies the underlying debt of $946,400.00. Thus, the foreclosure sale extinguished the Community South security deed, thereby making the subsequent "Assignment" of the deed completely ineffective.

Plaintiff's rebuttal arguments are inapplicable to its asserted negligence claims against Vandiver, and instead solely pertain to its equitable reformation claim against Defendant Jimmy Mauldin. Plaintiff does not contest the application of the Georgia law discussed above; instead, Plaintiff argues that equity will intervene to reform the deed to the parties' intention. Indeed, under Georgia law, a claim for equitable redemption is an exception to the general principle that a security deed is extinguished at the time of foreclosure. See Aames Funding Corps. v. Henderson, 275 Ga. App. 323, 325 (2005) (the general principle that a security deed is extinguished at the time of foreclsoure "is inapplicable in an action for equitable reformation."). The reformation of a secured instrument to reflect the intention of the parties is permitted even after a foreclosure, based upon the principle that "[e]quity will correct a mistake in a mortgage, whereby property intended to be included therein was inadvertently omitted, even after the mortgage has been foreclosed and the property described in it has been levied upon and sold under the mortgage fi. fa." Id.; see also Chapman v. Cassels Co., 180 Ga. 349, 353(2); National Assistance Bureau, Inc. v. Macon Memorial Intermediate Care, Inc., 714 F. Supp. 2d 1192, 1196-98 (2009) (Royal, J.) (approving Aames and

granting reformation of title where evidence showed that warranty deed failed to convey all property intended to be conveyed by the parties).

Plaintiff's arguments, however, have no bearing on its asserted *negligence* claims against Vandiver. The negligence claims asserted against Vandiver are not claims based in equity. Plaintiff only asserts an equitable reformation claim against Defendant Mauldin. The fact that Plaintiff's negligence claims against Vandiver must be dismissed because the foreclosure extinguished the Community South Security Deed, therefore making the Assignment ineffective, has no effect on its equitable reformation claim against Defendant Mauldin.

## CONCLUSION

For the foregoing reasons, Defendant Vandiver's Motion to Dismiss is hereby **GRANTED**. Thus, Count I of Plaintiff's Complaint is hereby DISMISSED. The remaining claims, however, are not affected by this Order and will proceed forward.

It is SO ORDERED this 12th day of May, 2011.

S/ C. Ashley Royal
C. ASHLEY ROYAL, JUDGE
UNITED STATES DISTRICT COURT

SSH